PHILLIPS v. FAIRCLOTH. (No. 5696.)
(Court of Civil Appeals of Texas. Austin. Nov. 15, 1916.)

1. APPEAL AND ERROR ☞80(1)—DECISIONS—REVIEWABLE—FINALITY OF DETERMINATION.

An order of the trial court sustaining a joint plea in abatement on the ground of misjoinder of causes of action as to one defendant, and overruling it as to the other defendant, not being a final judgment disposing of the controversy, is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

2. APPEAL AND ERROR ☞753(2) — RECORD — BRIEFS—ASSIGNMENT OF ERROR.

Where neither appellant's brief nor the transcript contains any assignment of error, and no fundamental error has been pointed out or discovered, judgment will be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3088, 3089; Dec. Dig. ☞753(2).]

___

Appeal from Robertson County Court; J. L. Goodman, Judge.

Suit by Z. P. Phillips against Jeff Faircloth and another. From an order sustaining a joint plea in abatement as to defendant A. L. Bates, but overruling it as to named defendant, named defendant appeals. Appeal dismissed.

K. W. Gilmore and H. S. Morehead, both of Franklin, for appellant. Perry & Woods, of Franklin, for appellee.

KEY, C. J. Appellant brought this suit against Jeff Faircloth and A. L. Bates. The defendants filed a joint plea in abatement, alleging that there was a misjoinder of causes of action and of parties defendant. The trial court sustained that plea as to Bates, but overruled it as to the other defendant, and the record does not show that any further proceedings were had in the case.

[1] The appellant has attempted to appeal from the order of the court referred to, but we feel compelled to hold that such appeal is not permissible, and therefore this court has no jurisdiction. With certain exceptions, specified by statute, the appellate courts of this state have no jurisdiction of an appeal until a final judgment has been rendered, and a judgment is not final unless it disposes of all the parties and all the issues shown by the pleading; and it is provided by statute that there can be but one final judgment in a case. The judgment sought to be appealed from is not final because it does not dispose of the controversy between the plaintiff and the defendant Faircloth, and therefore this court has no jurisdiction to entertain the appeal.

[2] But if the appeal ought to be entertained, we are of opinion that the judgment should be affirmed because neither appellant's brief nor the transcript contains any assignment of error, and no fundamental error has been pointed out or discovered.

Appeal dismissed.